**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

COMERICA BANK & TRUST, N.A.
as Personal Representative of the
Estate of Prince Rogers Nelson,

                Plaintiff,

      v.

KIAN ANDREW HABIB,

                Defendant.

Case No.

**JURY TRIAL DEMANDED**

**COMPLAINT**

Plaintiff Comerica Bank & Trust, N.A. in its capacity as Personal Representative of the Estate of Prince Rogers Nelson ("Comerica"), by and through its attorneys of record, allege as follows for their copyright infringement complaint against Kian Andrew Habib:

<u>**PARTIES**</u>

1.      Prince Rogers Nelson, the international superstar and renowned artist known as "Prince," died on April 21, 2016.  A probate action is pending in Carver County, Minnesota, Court File No. 10-PR-16-46.  By appointment of the probate court, Comerica is Personal Representative of the Estate.  Comerica is a fiduciary charged with protecting Estate assets for the benefit of the ultimate heirs.  As the Personal Representative, Comerica "has the same standing to sue and be sued in the courts of this state and the courts of any other jurisdiction as the decedent had immediately prior to death."  Minn. Stat. § 524.3-703.

2.      On information and belief, Habib is a resident of Massachusetts who resides at 4 Bobwhite Lane, Norfolk, MA 02056.

<u>**JURISDICTION AND VENUE**</u>

3.      This is an action for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 et seq.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

4.      This Court has personal jurisdiction over Habib because he resides in Massachusetts.

5.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1391(c) and 28 U.S.C. § 1400(a) because Habib is a resident of Massachusetts and has engaged in acts of infringement in this District.

## FACTS

6.      Prince Rogers Nelson is one of the best-selling artists of all time, having sold over 100 million records worldwide.  Prince was a musical innovator who integrated a wide variety of styles in his work, including funk, rock R&B, new wave, soul, psychedelia, and pop.  Prince was inducted into the Rock and Roll Hall of Fame in 2004.

7.      A prodigious and successful songwriter, Prince wrote thousands of songs.  Prince wrote the music and lyrics for the following works at issue in this case, and is the sole author of the musical compositions (hereafter "Prince Works"):

| Title | Reg. No(s) | Eff. Reg. Date |
|-------|-----------|----------------|
| Nothing Compares 2 U | PA0000261000 | Aug. 27, 1985 |
| Take Me With U | PA0000217249 | July 9, 1984 |
| Glam Slam | PA0000377934<br>PAu001081256 | June 6, 1988<br>Apr. 18, 1988 |
| Sign o' the Times | PA0000322108 | Mar. 19, 1987 |
| The Most Beautiful Girl in the World | PA0000692506<br>PAu001832359 | Apr. 15, 1994<br>Feb. 1, 1994 |
| Hot Thing | PA0000339611 | Apr. 14, 1987 |

8.      The Prince Works have been registered with the United States Copyright Office and are owned by the Prince Estate.  Copies of the registration information retrieved from the Copyright Office's Public Catalog are attached as Exhibit A.  "Controversy Music" is a d/b/a Prince used during his lifetime.

9.      Each of the Prince Works was registered with the Copyright Office prior to any act by Defendant alleged to infringe the Estate's copyrights in the relevant works.

10.     Each of the Prince Works is an expressive and creative work intended for public dissemination.  As such, each work is at the core of copyright's protective purposes.

11.     Habib posted live video recordings of the Prince Works on YouTube without the Estate's permission.  The infringing videos include the following URLs (the "Infringing Videos"):

| Video URL |
| --- |
| https://www.youtube.com/watch?v=bIOLF4Vrd4k |
| https://www.youtube.com/watch?v=5_RVsMSOin4 |
| https://www.youtube.com/watch?v=Mj7BGBaZgGg |
| https://www.youtube.com/watch?v=RIeKWxrRQCE |
| http://www.youtube.com/watch?v=sCAPZUKfjbc |

12.     Each of the Infringing Videos infringes upon one or more of the exclusive rights of the Estate as the owner of the copyrights in the Prince Works.

13.     Each of the Infringing Videos incorporates all, or substantially all, of one or more of the Prince Works.

14.     On information and belief, the Infringing Videos were posted for commercial purposes, at least because Habib received or attempted to receive advertising revenue associated with views of the Infringing Videos by others.

15.     Each of the Infringing Videos negatively impacts the market for authorized uses of the Prince Works, for example, by directing YouTube viewers and associated advertising revenue away from authorized videos of the Prince Works and towards the Infringing Videos.

16.     The Estate authorized take down notices to YouTube demanding that YouTube remove the infringing videos.  YouTube removed the videos and provided notice to Habib.

17.     After YouTube removed the infringing videos, Habib provided a counter-notification pursuant to 17 U.S.C. § 512(g), contesting their removal.

18.     YouTube will repost the infringing videos unless a lawsuit is filed seeking a court order against the infringement.  The Estate brings this lawsuit to maintain the status quo and to secure an order and permanent injunction against further infringement.

**COUNT ONE**
**COPYRIGHT INFRINGEMENT OF MULTIPLE WORKS**

19.     The above allegations are incorporated by reference.

20.     The Prince Works constitute copyrightable subject matter under the laws of the United States under 17 U.S.C. § 102(a)(2).

21.     The Prince Works have been registered with the United States Copyright Office as indicated in Exhibit A.

22.     Habib reproduced and distributed, and continues to reproduce and distribute, the Prince Works without permission in violation of the Prince Estate's exclusive rights under 17 U.S.C. § 106.

23.     Therefore, Habib has committed copyright infringement and continues to infringe the copyrights in the Prince Works under 17 U.S.C. § 501.

24.     As a result of such copyright infringement, the Prince Estate has suffered damages in an amount to be determined at trial.

25.     Habib has refused to remove the Infringing Videos and will continue to infringe the Prince Works unless enjoined by this Court.

4

26.     As a result of Habib's copyright infringement, the Prince Estate is entitled to recover actual damages and Habib's profits or, at the Prince Estate's election, statutory damages under 17 U.S.C. § 504, as well as costs and attorneys' fees under 17 U.S.C. § 505.

27.     The Prince Estate is also entitled to injunctive relief under 17 U.S.C. § 502.

## PRAYER FOR RELIEF

WHEREFORE, Comerica Bank & Trust, N.A. as Personal Representative for the Estate of Prince Rogers Nelson seeks the following relief:

A.     That the Court enter judgment in favor of the Prince Estate;

B.     That the Court, during the pendency of this action and permanently, enjoin Habib and all other persons and entities in active concert or participation with him, from reproducing and distributing the Prince Works or any other musical composition authored by Prince;

C.     That the Court order Habib to pay actual damages, or, at the Estate's election, statutory damages up to the maximum amount allowed for willful infringement of copyright under 17 U.S.C. § 504;

D.     That the Court order Habib to pay the Estate's attorneys' fees, costs, and expenses under 17 U.S.C. § 505; and

E.     That the Court award the Prince Estate any other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

The Prince Estate demands a trial by jury on all issues so triable.

Dated: December 7, 2017                    Respectfully submitted,

                                           By:   /s/ Craig R. Smith
                                                 Craig R. Smith (BBO No. 636,723)
                                                 Eric P. Carnevale (BBO No. 677,210)
                                                 **LANDO & ANASTASI, LLP**
                                                 Riverfront Office Park
                                                 One Main Street – 11th Floor
                                                 Cambridge, MA 02142
                                                 Tel:  (617) 395-7000
                                                 Fax: (617) 395-7070
                                                 Email: csmith@lalaw.com
                                                        ecarnevale@lalaw.com

                                                 of Counsel:

                                                 Lora Friedemann (*pro hac vice* to be filed)
                                                 **FREDRIKSON & BYRON, P.A.**
                                                 200 South Sixth Street, Ste. 40000
                                                 Minneapolis, MN 55402
                                                 Tel:  (612) 492-7185
                                                 Fax: (612) 492-7077
                                                 Email: lfriedemann@fredlaw.com

                                                 ***Attorneys for Plaintiff Comerica Bank & Trust,***
                                                 ***N.A. as Personal Representative of the Estate of***
                                                 ***Prince Rogers Nelson***