UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| COMERICA BANK & TRUST, N.A. as Personal Representative of the Estate of Prince Rogers Nelson, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 17-12418-LTS |
| KIAN ANDREW HABIB, | ) ) | |
| Defendant. | ) ) | |

## ORDER ON PLAINTIFF'S MOTION TO DISMISS COUNT II WITHOUT PREJUDICE AND PLAINTIFF'S ELECTION OF STATUTORY DAMAGES (DOC. NO. 115)

February 14, 2020

SOROKIN, J.

On January 6, 2020, this Court allowed in part Plaintiff Comerica Bank & Trust, N.A.'s ("Comerica") partial motion for summary judgment and denied Defendant Kian Andrew Habib's cross-motion for summary judgment. Doc. No. 111. In so doing, the Court reserved decision on Comerica's section 1101 claim, requesting additional briefing from the parties to address whether section 1101's protections are descendible. Id. at 27. Additionally, based on Comerica's initial jury trial demand, the Court set a date for a trial on damages. Id. at 31. On January 23, 2020, Comerica moved to dismiss its section 1101 claim without prejudice and notified the Court that it intends to exercise its right under the Copyright Act to elect the minimum available statutory damages rather than proceed to trial. Doc. No. 115. Defendant Habib responded late to Comerica's motion. Doc. No. 117.

The First Circuit has held that "dismissal without prejudice is the norm, 'unless the court finds that the defendant will suffer legal prejudice,'" adding that "[t]he mere prospect of a subsequent lawsuit does not constitute such prejudice." Colon-Cabrera v. Esso Standard Oil Co. (Puerto Rico), 723 F.3d 82, 87 (1st Cir. 2013) (quoting Puerto Rico Mar. Shipping Auth. v. Leith, 668 F.2d 46, 50 (1st Cir. 1981)). In these circumstances, where Comerica's anti-bootlegging statute claim was pursued in good faith as an alternative theory of liability and there is no indication that Habib will suffer legal prejudice, the Court ALLOWS Comerica's motion to dismiss Count II of the Amended Complaint without prejudice.

As to Comerica's decision to elect the minimum available statutory damages, the Court ALLOWS that request. See Soc'y of the Holy Transfiguration Monastery, Inc. v. Archbishop Gregory of Denver, Colorado, 754 F. Supp. 2d 219, 229–30 (D. Mass. 2010), aff'd sub nom. Soc'y of Holy Transfiguration Monastery, Inc. v. Gregory, 689 F.3d 29 (1st Cir. 2012) (holding that "where a plaintiff agrees to accept the minimum amount of statutory damages available, the defendant's jury trial right evaporates."). Given this election, the Court will enter a money judgment in Comerica's favor in the amount of $4,500 (granting $750 in damages for infringement of six musical composition copyrights). Comerica's election of statutory damages shall not prejudice its ability to seek attorneys' fees and costs pursuant to 17 U.S.C. § 505. See Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994) (noting that 17 U.S.C. § 505 "allow[s] an award of attorney's fees in the court's discretion").

The Court considered Habib's response to Comerica's motion in the foregoing rulings. The Court further notes that Habib's response raises many arguments unrelated to the issues at hand. See, e.g., Doc. No. 117 at 5 (arguing that "[t]here were numerous instances and mistakes [in his deposition transcript] which did not match what [he] actually said during the

depositions"); id. at 6 ("Fair use laws are too rigid and simplistic[,] allowing copyright trolls to continue to exploit anyone they choose for profit."); id. ("Financial sanctions and arrests are in the cards for these attorneys and corporations."). To the extent, Habib's arguments could be construed as a request for reconsideration, that request is DENIED. To the extent, Habib asserts that any part of the record before the Court—including his deposition transcript—was incorrect, he still has not identified any material errors or made any timely efforts to correct those alleged errors.[1]

Thus, the Court ALLOWS Comerica's motion and CANCELS the trial currently scheduled for March 2, 2020. Comerica shall file any request for an award of attorneys' fees and costs within 21 days of the issuance of this Order.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

[1] Indeed, the only error identified in Habib's response is his contention that "the record shows that [he said] that [his] father is Ukrainian[,] which is not what [he] said." Id. at 5.