UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| COMERICA BANK & TRUST, N.A. as Personal Representative of the Estate of Prince Rogers Nelson, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 17-12418-LTS |
| KIAN ANDREW HABIB, | ) ) | |
| Defendant. | ) ) ) | |

ORDER ON MOTION PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS (DOC. NO. 124) AND PLAINTIFF'S MOTION FOR ENTRY OF A PERMANENT INJUNCTION (DOC. NO. 127)

May 13, 2020

SOROKIN, J.

Previously, the Court determined Plaintiff Comerica Bank & Trust, N.A. ("Comerica") had established that Defendant Kian Andrew Habib ("Habib") willfully infringed copyrights held by Plaintiff. Doc. No. 111. Subsequently, the Court entered judgment in Plaintiff's favor on its copyright infringement claims and established a schedule for briefing of Plaintiff's request for attorney's fees and costs. Doc. No. 122. Plaintiff has filed its motion for fees and costs. Doc. No. 124. The time to file an opposition expired on March 20, 2020. To date, Habib has neither filed an opposition to the motion nor sought a continuance. In addition, Plaintiff now seeks entry of a permanent injunction. Doc. No. 127.

I.      Fees and Costs

The Copyright Act authorizes the award of attorney's fees to the prevailing party.  See 17 U.S.C. § 505.  Section 505 provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

The First Circuit has held that, when enacting section 505, "Congress aimed to provide a potential incentive to the winner who asserts a successful copyright claim or defends against an unworthy one." InvesSys, Inc. v. McGraw-Hill Companies, Ltd., 369 F.3d 16, 20 (1st Cir. 2004).  In determining whether to award fees pursuant to the Copyright Act, courts consider "several nonexclusive factors," including: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Fogerty v. Fantasy, Inc., 510 U.S. 517, 535 (1994); see also InvesSys, 369 F.3d at 19 (emphasizing that courts consider, amongst other factors, "the objective unreasonableness of the losing side's position").

Applying this standard, the Court awards fees and costs to Plaintiff.  Throughout this litigation, Plaintiff parsimoniously and reasonably pressed its claims.  In contrast, Habib was unreasonable and vexatious at every turn, compounding the cost and difficulty of this litigation. See Doc. No. 111 at 10 (noting that "Habib's arguments misunderstand both the nature and scope of copyright protection for musical compositions"); id. at 24 (holding that Habib's conduct leading up to and during the course of litigation "demonstrate[d] an unreasonable disregard for the exclusive rights afforded to musicians under the Copyright Act"); id. at 30-31 (noting that Habib repeatedly disparaged opposing counsel on social media and refused reasonable settlement

offers). Moreover, counsel's rates are reasonable, as is the amount of time Plaintiff's counsel expended to litigate this dispute. The Court notes that Plaintiff properly does not seek recovery of fees directly related to the claim it ultimately dismissed without prejudice. See Doc. No. 124 at 12 n.3.

Accordingly, the Motion for Fees and Costs (Doc. No. 124) is ALLOWED in the amount of $315,424.50 in fees and $25,865 in costs.

II.     Permanent Injunction

A prevailing party in a claim of copyright infringement must satisfy four familiar factors to obtain a permanent injunction: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 156-57 (2010) (quoting eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006)) (alterations and quotation marks omitted). In the copyright context, "[a] finding of liability for copyright infringement, combined with the threat of future infringement, justifies the imposition of a permanent injunction." Cipes v. Mikasa, Inc., 404 F. Supp. 2d 367, 371 (D. Mass. 2005). Finally, "courts have extended injunctive relief beyond the four corners of the litigated copyrighted works to cover non-litigated items of similar character." Apple Inc. v. Psystar Corp., 658 F.3d 1150, 1161 (9th Cir. 2011); see also Walt Disney Co. v. Powell, 897 F.2d 565, 568 (D.C. Cir. 1990) (extending a permanent injunction to copyrighted characters that were not expressly litigated in the underlying action).

Here, Plaintiff has comfortably met this standard. See Doc. No. 111 at 30-31. The copyright infringement at issue in this case was willful. Id. at 23-24. Throughout this litigation,

Habib has "refused to engage with the demands of copyright law, has continued to post potentially infringing videos, and has antagonized opposing counsel." Id. at 30-31 (concluding that "a threat of future infringement remains, in light of Habib's repeated, current, and past acts") (alterations omitted).  Thus, applying the governing legal standards, the Court ALLOWS Plaintiff's motion for entry of permanent injunctive relief (Doc. No. 127).  A separate injunction will issue.

                                                        SO ORDERED.

                                                /s/ Leo T. Sorokin
                                                Leo T. Sorokin
                                                United States District Judge